**FILED**
**Jun 05, 2018**
**02:38 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| ROBIN PICCIOTTO, | ) | Docket No. 2016-08-1199 |
| Employee, | ) | |
| v. | ) | |
| SUNNY MEADOWS FOUNDATION | ) | State File No. 56767-2016 |
| SAFE HAVEN FOR PETS, | ) | |
| Employer, | ) | |
| and | ) | |
| STATE AUTOMOBILE MUTUAL | ) | Judge Amber E. Luttrell |
| INSURANCE CO., | ) | |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
## DENYING TEMPORARY DISABILITY BENEFITS

This matter came before the Court on May 17, 2018, for an Expedited Hearing on Ms. Picciotto's request for temporary disability benefits. The legal issue is whether Ms. Picciotto is likely to prevail at a hearing on the merits in establishing entitlement to these benefits. For the reasons set forth below, the Court holds Ms. Picciotto did not come forward with sufficient evidence to establish a likelihood of prevailing at a hearing on the merits and denies her request.

### History of Claim[1]

Ms. Picciotto worked for Sunny Meadows Foundation Safe Haven for Pets. On June 29, 2016, she stumbled and injured her right knee while walking a dog. Ms. Picciotto experienced immediate pain; however, she continued working. Her pain progressed over several days and she reported her injury. Sunny Meadows authorized an initial appointment at Baptist Urgent Care and then provided a panel from which Ms. Picciotto selected Dr. John Lochemes.

---

[1] The hearing testimony and exhibits established the facts set forth in the History of Claim section.

1

*Medical Treatment*

Ms. Picciotto saw Dr. Lochemes on five occasions from August to October 2016, for what he diagnosed as a traumatic meniscus tear of the right knee. Dr. Lochemes treated Ms. Picciotto conservatively and assigned light duty restrictions of ten pounds continuous lifting, twenty-five pounds intermittent lifting, and no climbing, kneeling, bending, or stooping. Sunny Meadows could not accommodate those restrictions so it initiated temporary partial disability payments in August.[2] Throughout his treatment of her, Dr. Lochemes ordered an MRI of the knee that was repeatedly denied by Sunny Meadows.

Ms. Picciotto last saw Dr. Lochemes on October 18, 2016, because he left Memphis Orthopedic Group. At this visit, Dr. Lochemes again ordered an MRI and maintained light duty restrictions.

Sunny Meadows subsequently approved the knee MRI and provided Ms. Picciotto a new panel of orthopedic specialists from which she selected Dr. Anthony Mascioli. In April 2017, Dr. Mascioli noted the MRI confirmed a meniscus tear, and he recommended surgery.

Ms. Picciotto was unable to undergo knee surgery due to an unrelated eye condition diagnosed in the spring of 2017.[3] After extensive testing, she sought treatment from Dr. Kendrick Henderson, a neurologist, for a diagnosis of papilledema associated with increased intracranial pressure. During treatment for her unrelated condition, Dr. Henderson recommended Ms. Picciotto undergo a lumbar puncture before undergoing elective knee surgery with general anesthesia. Dr. Mascioli agreed and stated in a letter dated August 7, 2017, "I am aware of and agree that the knee surgery will need to be placed on hold until her neurology issues have been taken care of. Once she is cleared, we will be happy to get her on the surgery schedule for her knee injury." She last saw Dr. Mascioli on December 19, 2017 when he again deferred knee surgery until Ms. Picciotto's neurological issues were resolved. Dr. Mascioli's records made no mention of her work status.

Because Ms. Picciotto could not proceed with knee surgery due to her unrelated condition Sunny Meadows suspended temporary disability payments awaiting Ms. Picciotto's resumption of treatment for the knee injury.

---

[2] The parties stipulated that Ms. Picciotto's compensation rate is $200.07 per week.

[3] The parties introduced and the Court reviewed numerous medical records concerning Ms. Picciotto's unrelated neurological condition from Church Health Center, Neurology Clinic, and Southern College of Optometry. Because the treatment details for that condition are irrelevant to the issue in this case, the Court did not address them in this order.

Ms. Picciotto testified she has not returned to Dr. Mascioli for her knee injury since December 2017, but acknowledged she could because she remains under his care. She continues to see Dr. Henderson every three months for her neurological condition. Ms. Picciotto stated Dr. Henderson has no timeline or definite end date for her neurological/eye treatment and she agreed it is possible she may never have knee surgery.

Ms. Picciotto testified she has not worked since July 22, 2016. She stated that Dr. Mascioli has not released her at maximum medical improvement and told her to remain off work.[4] Ms. Picciotto does not think her eye condition prevents her from working, but "absolutely" believes her right knee prevents her from working. She requested back temporary disability from May 18, 2017 to present and ongoing temporary disability until such time she is able to resume treatment for her knee and reach maximum medical improvement from that treatment.

## Findings of Fact and Conclusions of Law

Ms. Picciotto need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017).

At the hearing, the parties submitted the issue in this case is whether Ms. Picciotto is entitled to temporary disability benefits when her treatment for the work injury was suspended indefinitely due to an unrelated medical condition. Ms. Picciotto argued Dr. Mascioli took her off work or restricted her from work until Dr. Henderson clears her to resume medical treatment and undergo knee surgery. She contended no exception exists to terminate temporary disability when an unrelated condition causes the suspension of medical treatment. Sunny Meadows argued Ms. Picciotto is not entitled to temporary disability benefits when her knee treatment was suspended for an indefinite period of time due to unrelated medical issues. It contended that to date, approximately one year later, Ms. Picciotto still has not resumed treatment for her knee injury and may never be able to proceed with the approved knee surgery due to her unrelated issue. Under these facts, Sunny Meadows asserted it would be unjust to indefinitely obligate it to continue temporary disability benefits.

Upon consideration of the evidence, the Court finds it need not address the issue

---

[4] Ms. Picciotto provided somewhat different testimony regarding Dr. Mascioli's instructions regarding work. She testified on direct examination that Dr. Mascioli "told her to stay off work," but subsequently stated, "The parameters he said- they could not accommodate." The Court understood Ms. Picciotto to say that Dr. Mascioli gave her restrictions Sunny Meadow could not accommodate. This variance does not affect the outcome of the Court's holding.

raised by the parties at this time as Ms. Picciotto did not come forward with sufficient medical proof to satisfy the requirements for entitlement to temporary total or temporary partial disability benefits. An injured worker is eligible for temporary disability benefits if (1) the worker became disabled due to a compensable injury, (2) there is a causal connection between the injury and the inability to work, and (3) the worker established the duration of the period of disability. *James v. Landair Transp., Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at \*16 (Aug. 26, 2015). Temporary partial disability benefits may be awarded when the temporary disability resulting from a work-related injury is not total, and such entitlement exists for the "time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at \*6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

Here, the only medical evidence addressing Ms. Pisciotto's work status were Dr. Lochomes' records, which indicated he last assigned restrictions on October 18, 2016. Ms. Pisciotto testified Dr. Mascioli took her off work or provided work restrictions Sunny Meadows could not accommodate; however, Dr. Mascioli's records made no mention of Ms. Pisciotto's work status or any restrictions. Without medical proof of Ms. Picciotto's alleged total or partial disability resulting from work and the duration of that disability, the Court is unable to hold that she would prevail at a hearing on the merits on her claim for temporary disability benefits.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Ms. Picciotto's claim against Sunny Meadows Foundation Safe Haven for Pets and its workers' compensation carrier for the requested temporary disability benefits is denied at this time.

2. **This matter is set for a telephonic Status Hearing on July 16, 2018, at 10:00 a.m. Central Time**. **You must call toll-free 855-543-5039 to participate in the hearing.**

 ENTERED this the 5th day of June, 2018.

_____
Judge Amber E. Luttrell
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Employee's Medical Records (collective exhibit)
2. Employer's Medical Records (collective exhibit)
3. Ms. Pisciotto's Affidavit
4. Emails
5. Emails

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Employee's Request for Expedited Hearing
5. Employer's Memorandum of Law
6. Order Denying Request for Decision on the Record and Setting Case for Evidentiary Hearing
7. Joint Motion for Continuance
8. Order Granting Joint Motion for Continuance
9. Employer's Response to Expedited Hearing Request

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of June, 2018.

| Name | Via Email | Service sent to: |
|------|-----------|------------------|
| James Blount, Employee's Attorney | X | jimmy@blountfirm.com |
| Scott McCullough, Employer's Attorney | X | smccullough@mbb-law.com |

_____  _____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**RFA #:** _____

**Date of Injury:** _____

**SSN:** _____

_____

**Employee**

_____

**Employer and Carrier**

### Notice
Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

**Appellee(s)**

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____ _____

Appellee's Phone:_____Email:_____ _____

Attorney's Name:_____ BPR#: _____ _

Attorney's Address:_____ Phone: _____ _

Attorney's City, State & Zip code: _____ _

Attorney's Email:_____ _

*** Attach an additional sheet for each additional Appellee ***

**CERTIFICATE OF SERVICE**

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name: _____ 2. Address: _____

3. Telephone Number: _____ 4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                              RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month       Telephone      $ _____ per month

Electricity      $ _____ per month       School Supplies $ _____ per month

Water            $ _____ per month       Clothing       $ _____ per month

Gas              $ _____ per month       Child Care     $ _____ per month

Transportation  $ _____ per month        Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____       (FMV) _____

Other                 $ _____       Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____         _____

_____         _____

_____         _____

_____         _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____